## Goodis et al., etc., v. Sawitt et al.

*Benjamin H. Levintow*, for plaintiffs.

*Cohen & Cohen* and *Joseph E. Gold*, for defendants.

SMITH, P. J., August 6, 1952.—This matter comes before the court on defendants' preliminary objections to plaintiffs' bill of complaint. Plaintiffs are business brokers. Defendants are the purchasers of a licensed taproom and restaurant. The bill in equity alleges that defendants violated the Bulk Sales Act of Pennsylvania.

The question is: Does the sale of a licensed taproom and restaurant come within the scope of the act? Defendant admits that plaintiff as a business broker is a creditor within the provisions of the Bulk Sales Act

and that the sale to defendants included the fixtures of the tavern and certain distilled spirits inventory. This question has not been decided by the appellate courts of this Commonwealth although the county courts have expressed themselves in contrary opinions.

The Bulk Sales Act of March 28, 1905, P. L. 62, as amended by the Act of May 23, 1919, P. L. 262, 69 PS §521, covers the sale of "stock of goods, wares, or merchandise of any kind, . . . and fixtures, in bulk", etc. In Weiner v. Everglades, 33 Del. Co., 280, it was held that the Bulk Sales Act does not apply to the sale of a licensed saloon business.

In Kemp and Davis v. Corbin & Co., 22 Dist. R. 215, Galbreath, P. J., held that the Bulk Sales Act of 1905 is "highly penal in character, and should not, in its interpretation, be broadened out beyond its clear and evident meaning." The court states that the act refers to goods and merchandise employed in trade and in the regular and usual prosecution of the seller's business, such as commodities traded in by merchants in the ordinary course of trade or the stock and commodities which he buys and sells. The opinion of Martin, P. J., of Common Pleas Court No. 5 of Philadelphia County, in the case of Martindale et al. v. Knight et al., 25 Dist. R. 469, held that the Bulk Sales Act of 1905, supra, in the matter of the sale in bulk of personal property used in the conduct of a restaurant "is within the language of the statute. To hold differently would be to depart from the plain words of the Act according to their ordinary and grammatical sense." Judge Martin also held:

"In Dame, Seymour & Co.'s Appeal, 62 Pa. 417, Sharswood, C. J., said at page 422: 'The moment we depart from the plain words of a statute according to their ordinary and grammatical meaning in a hunt for some intention founded on the general policy of the law, we find ourselves involved in a sea of troubles.

Difficulties and contradictions meet us at every turn.' In the Schooner Paulina's Cargo v. United States, 7 Cranch, 52, Marshall, C. J., said, in construing laws, it has been truly said to be the duty of the court to effect the intention of the legislature, but this intention is to be searched for in the words which the legislature has employed to convey it. In Priestman v. United States, 4 Dall. 28 Mr. Justice Chase, speaking of rules of construction, said: 'None can be more dangerous than that which, distinguishing between the intent and the words of the legislature, declares that a case not within the meaning of a statute according to the opinion of the judges shall not be embraced within the operation of the statute, although it is clearly within the words, or vice versa, that a case within the meaning, though not within the words, shall be embraced. For my part, . . . I shall always deem it a duty to conform to the expression of the legislature to the letter of the statute, when free from ambiguity and doubt, without indulging a speculation either upon the policy or the hardship of the law.' "

In the case of Lazofson v. Steiner et al., 66 D. & C. 179, Flood, J., held:

"While the Cressman case, decided by the Court of Common Pleas of Lackawanna County, does hold that the act does not apply to restaurants, yet we are much more impressed by the reasoning of Judge Martin, of the Court of Common Pleas No. 5 of Philadelphia County, in Martindale et al. v. Knight et al., 25 Dist. R. 469 (1916), which holds that the act does apply to the sales of the goods and fixtures used in a restaurant. We agree with that opinion that the sale in such case is covered by the language of the act."

We are of the opinion that the law as stated by Martin, P. J., of Common Pleas Court No. 5 of Philadelphia County is the safest course to follow in matters of this nature.

*Order*

And now, to wit, August 6, 1952, the preliminary objections are not sustained. Defendant is granted leave to file an answer on the merits within 10 days.